**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Civil Case No.: 9:16-cv-80905-Bloom/Valle**

XP GLOBAL, INC., a New York corporation

Plaintiff,

v.

AVM, L.P., an Illinois limited partnership

Defendant.

________________________________________/

# **DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant AVM, L.P. ("***AVM***"), by its attorneys, for its Answer to the Amended Complaint filed by plaintiff XP Global, Inc. ("***plaintiff***"), states as follows:

## **INTRODUCTION**

1. AVM admits: that repurchase agreements ("***repos***") are agreements involving the simultaneous sale and future repurchase of a security, such that the original seller buys back the asset at a higher price, with the difference in prices representing the interest charged and paid on the repo; that plaintiff made a presentation to AVM; and that the parties entered into the Mutual Confidentiality Agreement appended as Exhibit A to the Amended Complaint (the "***Agreement***"). Except as expressly admitted, AVM denies the allegations contained in Paragraph 1.

2. AVM admits that this is an action alleging misappropriation of trade secrets in violation of Federal and Florida law, breach of contract, and fraud. AVM offers no answer to the balance of the allegations in Paragraph 2 because they pertain to claims that are no longer part of this action following the Court's September 19, 2016 Order on AVM's Motion to Dismiss Counts III, IV, V, VI, VII, and VIII of Plaintiff's Complaint (the "***September 19, 2016 Order***") and the Court's November 14, 2016 Order on AVM's Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint with Prejudice (the "***November 14, 2016 Order***").

3. AVM admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). Except as expressly admitted, AVM denies the allegations contained in Paragraph 3.

4. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 4 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

5. AVM admits that it is an Illinois limited partnership. Except as expressly admitted, AVM denies the allegations contained in Paragraph 5.

6. AVM admits the allegations contained in Paragraph 6.

7. AVM admits the allegations contained in Paragraph 7.

8. AVM admits the allegations contained in Paragraph 8, except that AVM denies the existence of any bona fide events or omissions giving rise to plaintiff's claims.

9. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 9 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

## FACTUAL ALLEGATIONS

### The Repo Crisis

10. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, which consists primarily of a block quote from a secondary source, and therefore denies such allegations pursuant to Federal Rule of Civil Procedure 8(b)(5), except AVM admits that the allegations in this case involve attempting to create an exchange for the trading of repos.

11. AVM admits the allegations contained in Paragraph 11.

12. AVM denies the allegations contained in Paragraph 12.

13. AVM admits that in mid-to-late 2008, based on its knowledge and belief, a direct exchange for transacting repos in the United States did not exist. Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 13 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

### Global Approaches AVM

14. AVM admits that Michael Carbonella represented himself to be the owner and Chief Executive Officer of plaintiff. Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 14 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

15. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 15 and therefore denies the allegation

pursuant to Federal Rule of Civil Procedure 8(b)(5).

16. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 16 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

17. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 17 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

18. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 18 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

19. AVM admits the allegations contained in Paragraph 19.

20. AVM denies the allegations contained in Paragraph 20.

21. AVM admits that the quoted language appears on its website. Except as expressly admitted, AVM denies the allegations contained in Paragraph 21.

22. AVM admits that it shares common ownership with III Capital Management. Except as expressly admitted, AVM denies the allegations contained in Paragraph 22.

23. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 23 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

24. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 24 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

25. AVM denies the allegations contained in Paragraph 25.

**<u>Global Presents Its Ideas to AVM, Pursuant to a Confidentiality Agreement</u>**

26. AVM admits that plaintiff and AVM entered into the Agreement on January 29, 2009. AVM denies the remainder of the allegations contained in Paragraph 26 because the Agreement does not contain the quoted language. AVM further states that the document speaks for itself.

27. AVM denies the allegations contained in Paragraph 27.

28. AVM admits that the quoted language appears in the Agreement but otherwise denies the allegations in Paragraph 28 insofar as they do not contain a complete recitation of the

relevant language in the Agreement and purport to characterize the Agreement to have meaning other than the meaning prescribed by the Agreement's language. AVM further states that the document speaks for itself.

29. AVM admits that it executed the Agreement on behalf of itself and its "affiliates/subsidiaries." Except as expressly admitted, AVM denies the allegations contained in Paragraph 29.

30. AVM denies the allegations contained in Paragraph 30.

31. AVM admits that after the Agreement was signed, plaintiff provided a presentation to AVM that included a PowerPoint slide-deck. Except as expressly admitted, AVM denies the allegations contained in Paragraph 31.

32. AVM denies that plaintiff's presentation contained specific and actionable details about the repo exchange, its features, or how to implement it. With respect to the allegation that plaintiff "would not have disclosed the specific details of its ideas had AVM not signed the Agreement," AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 32 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

33. AVM admits that Pat Doyle and Jeff Kidwell attended the meeting and that Mr. Doyle worked with Mr. Kidwell at AVM. Except as expressly admitted, AVM denies the allegations contained in Paragraph 33.

34. AVM admits the allegations contained in Paragraph 34.

35. AVM denies the allegation that it "immediately recognized how valuable [plaintiff's] ideas were." As to the allegations regarding Mr. Kidwell's statement, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

36. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 36 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

**<u>AVM Secretly Steals Global's Ideas</u>**

37. AVM denies the allegations contained in Paragraph 37.

38. AVM denies the allegations contained in Paragraph 38.

39. AVM responds that it lacks knowledge or information sufficient to form a belief

about the truth of the allegation contained in Paragraph 39 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

40. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 40 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

41. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 41 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

42. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 42 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

43. AVM denies the allegations contained in Paragraph 43.

44. AVM denies the allegations contained in Paragraph 44.

45. AVM admits that it met with the Bank of New York in or about March 2009. Except as expressly admitted, AVM denies the allegations contained in Paragraph 45.

46. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 46 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

47. AVM denies the allegations contained in Paragraph 47. AVM further states that the Agreement speaks for itself.

48. AVM admits that on or about March 25, 2009, Mr. Kidwell had meetings with the Bank of New York and the New York Stock Exchange. Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 48 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

49. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 49 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

50. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 50 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

51. AVM denies the allegations contained in Paragraph 51.

52. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 52 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

53. AVM admits that on or around May 5, 2009, it had a call with the Bank of New York. Except as expressly admitted, AVM denies the allegations contained in Paragraph 53.

54. AVM denies the allegations contained in Paragraph 54.

55. AVM denies the allegations contained in Paragraph 55.

56. AVM admits that it did not tell plaintiff about its meetings with the third parties identified in the Amended Complaint because it had no reason or obligation to do so. Except as expressly admitted, AVM denies the allegations contained in Paragraph 56.

57. AVM denies the allegations contained in Paragraph 57.

**AVM's Business Strategy Changes After Learning Global's Ideas**

58. AVM denies the allegations contained in Paragraph 58.

59. AVM admits the allegations contained in Paragraph 59.

60. AVM admits that plaintiff shared with AVM what plaintiff appeared to believe were ideas regarding a repo exchange. Except as expressly admitted, AVM denies the allegations contained in Paragraph 60.

61. AVM denies the allegations contained in Paragraph 61.

62. AVM denies the allegations contained in Paragraph 62.

**AVM Profits Off of Global's Ideas**

63. AVM admits that it has a repo website called AVM DRX. Except as expressly admitted, AVM denies the allegations contained in Paragraph 63.

64. AVM admits that in June 2015, Mr. Kidwell was quoted as saying that AVM's average daily repo trading volume was approximately $80 billion. Except as expressly admitted, AVM denies the allegations contained in paragraph 64.

65. AVM denies the allegations contained in Paragraph 65.

66. AVM denies the allegations contained in Paragraph 66.

67. AVM denies the allegations contained in Paragraph 67.

**A Whistleblower Reveals AVM's Unlawful Scheme to Global**

68. AVM responds that it lacks knowledge or information sufficient to form a belief

about the truth of the allegation contained in Paragraph 68 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

69. AVM denies the allegations contained in Paragraph 69.

70. AVM denies the allegations contained in Paragraph 70.

**COUNT I – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF 18 U.S.C. §§ 1836 & 1839**

71. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

72. AVM denies the allegations contained in Paragraph 72.

73. AVM admits that plaintiff's alleged Trade Secrets relate to a product or service used in, or intended for use in, interstate or foreign commerce. Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 73 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

74. AVM denies the allegations contained in Paragraph 74.

75. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 75 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

76. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 76 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

77. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 77 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

78. AVM denies that the first slide in the PowerPoint presentation that plaintiff gave to AVM contained a confidentiality warning. AVM further states that the document speaks for itself. Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 78 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

79. AVM denies the allegations contained in paragraph 79 pursuant to Federal Rule of Civil Procedure 8(b)(5) because AVM lacks knowledge or information sufficient to form a belief

about whether the information plaintiff provided to AVM was, in fact, the Trade Secrets described in paragraph 72 of the Amended Complaint.

80. AVM denies the allegations contained in Paragraph 80.

81. AVM denies the allegation that AVM disclosed and used the Trade Secrets described in paragraph 72 of the Amended Complaint. Accordingly, AVM denies the allegations contained in Paragraph 81.

82. AVM denies the allegations contained in Paragraph 82.

83. AVM denies the allegations contained in Paragraph 83.

84. AVM denies the allegations contained in Paragraph 84.

85. AVM denies the allegations contained in Paragraph 85.

**COUNT II – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF § 688.001 *et seq.*, FLORIDA STATUTES**

86. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

87. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 87 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

88. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 88 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

89. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 89 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

90. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 90 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

91. AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 91 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

92. AVM denies that the first slide in the PowerPoint presentation that plaintiff gave to AVM contained a confidentiality warning. AVM further states that the document speaks for itself.

Except as expressly admitted, AVM responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 92 and therefore denies the allegation pursuant to Federal Rule of Civil Procedure 8(b)(5).

93. AVM denies the allegations contained in paragraph 93 pursuant to Federal Rule of Civil Procedure 8(b)(5) because AVM lacks knowledge or information sufficient to form a belief about whether the information plaintiff provided to AVM was, in fact, the Trade Secrets described in paragraph 72 of the Amended Complaint.

94. AVM denies the allegations contained in Paragraph 94.

95. AVM denies the allegation that AVM disclosed and used the Trade Secrets described in paragraph 72 of the Amended Complaint. Accordingly, AVM denies the allegations contained in Paragraph 95.

96. AVM denies the allegations contained in Paragraph 96.

97. AVM denies the allegations contained in Paragraph 97.

98. AVM denies the allegations contained in Paragraph 98.

99. AVM denies the allegations contained in Paragraph 99.

100. AVM denies the allegations contained in Paragraph 100.

**COUNT III – BREACH OF CONTRACT**

101. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

102. AVM admits the allegations contained in Paragraph 102.

103. AVM admits that plaintiff provided information to AVM. Except as expressly admitted, AVM denies the allegations contained in Paragraph 103.

104. AVM admits that the quoted language appears in the Agreement but otherwise denies the allegations in Paragraph 104. AVM further states that the document speaks for itself.

105. AVM admits that the quoted language appears in the Agreement but otherwise denies the allegations in Paragraph 105. AVM further states that the document speaks for itself.

106. AVM denies the allegations contained in Paragraph 106.

107. AVM denies the allegations contained in Paragraph 107.

108. AVM admits that the Agreement did not expressly state a temporal limitation on its applicability. Except as expressly admitted, AVM denies the allegations contained in Paragraph 108.

109. AVM denies the allegations contained in Paragraph 109.

110. AVM denies the allegations contained in Paragraph 110.

111. AVM denies the allegations contained in Paragraph 111.

112. AVM denies the allegations contained in Paragraph 112.

**COUNT IV – BREACH OF FIDUCIARY DUTY**

113. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

114. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 114 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

115. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 115 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

116. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 116 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

117. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 117 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

118. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 118 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

119. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 119 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

120. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 120 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

121. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 121 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

122. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 122 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

123. Count IV of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 123 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

**COUNT V – FRAUD**

124. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

125. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 125 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

126. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 126 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

127. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 127 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

128. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 128 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

129. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 129 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

130. Plaintiff's allegations with respect to fraudulent misrepresentations in Count V of the Amended Complaint were dismissed with prejudice by the November 14, 2016 Order. AVM

offers no answer to the allegations in Paragraph 130 of the Amended Complaint because this paragraph pertains to a part of the claim that is no longer part of this action.

131. AVM denies the allegations contained in Paragraph 131.

132. AVM denies the allegations contained in Paragraph 132.

133. AVM denies the allegations contained in Paragraph 133.

134. AVM denies the allegations contained in Paragraph 134.

135. AVM denies the allegations contained in Paragraph 135.

136. AVM denies the allegations contained in Paragraph 136.

137. AVM denies the allegations contained in Paragraph 137.

138. AVM denies the allegations contained in Paragraph 138.

139. AVM denies the allegations contained in Paragraph 139.

140. AVM denies the allegations contained in Paragraph 140.

**COUNT VI – CONSTRUCTIVE FRAUD**

141. AVM repeats its previous responses to the Amended Complaint as though fully pled here.

142. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 142 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

143. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 143 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

144. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 144 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

145. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 145 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

146. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 146 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

147. Count VI of the Amended Complaint was dismissed with prejudice by the

November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 147 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

148. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 148 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

149. Count VI of the Amended Complaint was dismissed with prejudice by the November 14, 2016 Order. AVM offers no answer to the allegations in Paragraph 149 of the Amended Complaint because this paragraph pertains to a claim that is no longer part of this action.

## SEPARATE DEFENSES

In further support of its Answer, AVM sets forth the following additional and/or affirmative defenses.

1. Each of plaintiff's claims is being presented for an improper purpose, is frivolous, and lacks evidentiary support; AVM is therefore entitled to sanctions pursuant to Federal Rule of Civil Procedure 11.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The acts and omissions of AVM were at all times legal and authorized by law, statute, or contract.

4. Plaintiff's claims should be dismissed because they are predicated on allegations that are privileged under the Federal and State marital communications privilege.

5. Plaintiff has not suffered any damages as a result of any actions taken by AVM, and/or any damages that Plaintiff has suffered are the result of Plaintiff's own conduct and not the conduct of AVM. Plaintiff is therefore barred from asserting any cause of action against AVM.

6. To the extent that plaintiff has suffered any injury, AVM's conduct was not the cause in fact or proximate cause of such injury.

7. Each of plaintiff's claims is barred by the applicable statute of limitations.

8. Each of plaintiff's claims is barred by the doctrine of laches.

9. Plaintiff's claim under the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836 and 1839, is time-barred because the alleged misappropriation pre-dates the effective date of the civil penalty sought in the Amended Complaint.

10. Plaintiff's claim for fraud is barred by Florida's independent tort doctrine.

11. Each of plaintiff's claims is barred to the extent it relies on inadmissible

communications of AVM that were unlawfully intercepted pursuant to the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01 *et seq*.

12. Plaintiff has failed to mitigate its damages

13. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

14. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

15. Plaintiff's claims are barred in whole or in part for failure of consideration.

16. AVM is not liable for punitive damages.

17. Plaintiff's claim for punitive damages is unconstitutional insofar as it violates the due process protections of the United States Constitution and the excessive fines clause of the Eighth Amendment to the United States Constitution.

**RESERVATION OF RIGHTS**

AVM reserves the right to supplement its Answer and Separate Defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery, and to amend its Answer accordingly.

**WHEREFORE**, AVM denies plaintiff is entitled to the relief sought in the Amended Complaint. AVM therefore demands judgment in its favor and against plaintiff for dismissal of the Amended Complaint with prejudice; sanctions pursuant to Federal Rule of Civil Procedure 11 for presenting, for an improper purpose, frivolous claims that lack evidentiary support; the award of costs of suit and attorney's fees; and for any other relief this Court deems equitable and just.

Respectfully submitted,

*/s/ Michael R. Tein*
Michael R. Tein
mtein@lewistein.com
Fla. Bar No. 993522
LEWIS TEIN PL
3059 Grand Avenue, Ste. 340
Coconut Grove, Florida 33133
(305) 442-1101 (phone)
(305) 442-6744 (fax)

Zachary D. Rosenbaum
zrosenbaum@lowenstein.com
*Admitted pro hac vice*
Joseph A. Fischetti
jfischetti@lowenstein.com
*Admitted pro hac vice*
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (phone)
(212) 262-7402 (fax)

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Michael R. Tein*
MICHAEL R. TEIN